FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 17 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

BRUCE SAVINELLI,

                Petitioner,

   -against-

DEP. MAHONEY, Acting Superintendent,

                Respondent.

---------------------------------------------------------------- X

06 CV 638 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

Petitioner pro se, Bruce Savinelli ("Mr. Savinelli" or "petitioner"), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 24, 2006 claiming that he was denied his right against unreasonable search and seizure because his arrest was made without probable cause and the trial court erred in denying his suppression motion. For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.

## BACKGROUND

In the instant petition, Mr. Savinelli is challenging his conviction arising from the police stopping and frisking him in a local park and finding a loaded magazine and marijuana in his pockets and a semi-automatic handgun on the roof of a nearby building. After his arrest, petitioner was charged with one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, one count of unlawful possession of marijuana, and one count of being in the park after sunset. Petitioner moved to suppress the magazine, marijuana, and handgun on the grounds that the police lacked reasonable

1

suspicion to stop and frisk him and lacked probable cause to arrest him. After conducting a suppression hearing, in which the arresting officers testified on behalf of the government, the trial court ruled that the police had reasonable suspicion to detain and frisk petitioner and probable cause to arrest him. Following a jury trial, petitioner was convicted of one count of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and one count of unlawful possession of marijuana.

Petitioner appealed to the Appellate Division, which affirmed the conviction by order dated December 20, 2004. People v. Savinelli, 13 A.D.3d 561 (N.Y. App. Div. 2004). The Appellate Division found that "[t]he police had probable cause to arrest the defendant, and were also justified in frisking him pursuant to a search incident to a lawful arrest." Id. at 561-62. As a result, the Appellate Division concluded that "the hearing court properly denied that branch of his motion which was to suppress physical evidence." Id. at 562. Thereafter, petitioner sought leave to appeal to the Court of Appeals, which was denied by order dated March 31, 2005. People v. Savinelli, 4 N.Y.3d 835 (2005).

Petitioner's conviction became final on approximately June 29, 2005, ninety days after the Court of Appeals denied leave to appeal. Mr. Savinelli filed his petition for a writ of habeas corpus on January 24, 2006, well within one year of the final date of his conviction. Thus, his petition is timely and properly before this court.

## DISCUSSION

### I. AEDPA Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state

2

court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[C]learly established Federal law, as determined by the Supreme Court of the United States" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Supreme Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court ... should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409. In determining whether an application was objectively unreasonable, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. Interpreting Williams, the Second Circuit has added that although "[s]ome increment of incorrectness beyond error is required ... the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Frances S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

3

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)); see also DeBerry v. Portuondo, 403 F.3d 57, 66-67 (2d. Cir. 2005); Miranda v. Bennett, 322 F.3d 171, 178 (2d Cir. 2003). For the purposes of AEDPA, a state court "adjudicates" a petitioner's federal constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). When a state court does so, a federal habeas court must defer in the manner prescribed by AEDPA to the state court's decision on the federal claim, even if the state court does not explicitly refer to either the federal claim or relevant federal case law. Id. To determine whether a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)).

## IV. Petitioner's Claim

Plaintiff claims that the physical evidence used against him at trial, which included the magazine, marijuana, and handgun recovered during his arrest, should have been suppressed because the police lacked reasonable suspicion to detain and frisk him and lacked probable cause

to arrest him. Given that petitioner litigated this claim before the state trial court, the court is precluded from reviewing this claim on habeas review.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). The Second Circuit has identified two circumstances in which a petitioner lacks an opportunity for full and fair litigation. "If the state provides no corrective procedures at all to redress Fourth Amendment violations, federal habeas corpus remains available." Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977). Alternatively, "even where the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process, the federal intrusion may still be warranted." Id.

New York provides adequate corrective procedures to litigate Fourth Amendment claims. See Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989)) ("[T]he 'federal courts have approved New York's procedure for litigating Fourth Amendment claims ... as being facially adequate.'"). In this case, petitioner took advantage of these procedures. Petitioner moved to suppress any physical evidence obtained during the stop and frisk, which was allegedly made without reasonable suspicion. After holding a suppression hearing, Judicial Hearing Officer Thomas Demakos concluded that Detective Pidito, one of the arresting officers, had probable cause to believe that petitioner had violated park regulations and committed trespass and, thus, the subsequent pursuit of petitioner and stop and frisk of him were justified. He also concluded that a protective frisk was warranted

because of the isolated nature of the area, the late hour, petitioner's immediate flight, and the fact that petitioner was out of sight of the officers for a short period of time. Supreme Court Justice Joseph Anthony Grosso adopted the hearing court's findings of fact and conclusions of law with regard to the legality of petitioner's detention and arrest and denied his motion to suppress the physical evidence recovered from him that day.

Petitioner does not argue that there was an unconscionable breakdown in the process that the New York courts employed to address his Fourth Amendment claims. "An unconscionable breakdown occurs where there is some sort of "'disruption or obstruction of a state proceeding.'" Capellan, 975 F.2d at 70 (quoting Shaw v. Scully, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)). "To establish such a breakdown," the petitioner "would have to prove that no state court conducted a reasoned method of inquiry into the relevant questions of fact and law concerning his Fourth Amendment claim." Jones v. Barkley, No. 99 Civ. 1344, 2004 U.S. Dist. LEXIS 3113, at *16-*17 (N.D.N.Y. Feb. 27, 2004). Petitioner does not even attempt to make such a showing. Therefore, since Stone precludes federal habeas review of the petitioner's Fourth Amendment claim, the court dismisses this claim.

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to petitioner's claim because the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: August 12, 2006
Brooklyn, New York

## SERVICE LIST

*Pro Se* **Petitioner:**

Bruce Savinelli
#03-R-2914
Livingston Correctional Facility
P.O. Box 1991, Route 36 Sonyea Road
Sonyea, NY 14556


**Respondent's Counsel:**

Nicoletta J. Caferri
District Attorney
Queens County
125-01 Queens Boulevard
Kew Gardens, NY 11415-1568